UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
Case No. 5:22-CV-00098-BJB

COREY A. LOVELACE,                                                                PLAINTIFF,
*also known as* Corey A. Thorson

v.

MCCRACKEN COUNTY, KENTUCKY,                                        DEFENDANTS
*et al.*

**MEMORANDUM OPINION AND ORDER**

Before the Court is the "Motion [to Recuse]" filed by *pro se* Plaintiff Corey A. Lovelace. [DN 11]. In the motion, Plaintiff requests that the undersigned Magistrate Judge recuse himself from this case. For the reasons explained below, the Motion to Recuse is **DENIED.**

Plaintiff brought this action against Defendants on July 28, 2022, and the case was assigned to United States District Judge Benjamin Beaton. [DN 1]. On August 24, 2022, Judge Beaton referred the case to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) "for hearing and determining all pretrial matters, including non-dispositive motions." [DN 10]. Plaintiff is concerned as to whether the undersigned's rulings in Plaintiff's prior criminal case, 5:16-CR-00017-TBR-LLK, indicate that "Judge King was clearly biased in favor of one party, and against the Plaintiff." [Mot. to Recuse, DN 11].

The Supreme Court has directed that "a federal judge has a duty to sit where not disqualified which is equally as strong as the duty to not sit where disqualified." *Laird v. Tatum*, 409 U.S. 824, 837 (1972) (emphasis omitted). *See Philip Morris USA, Inc. v. U.S. Food & Drug Admin.*, 156 F. Supp. 3d 36, 40 (D.D.C. 2016) (in finding that he was not disqualified, the judge noted that "a decision to recuse would encourage inappropriate judge-shopping by future litigants"). "Preliminarily, [I] note that a judge is presumed to be impartial, and the party seeking

1

disqualification 'bears the substantial burden of proving otherwise.'" *Scott v. Metro. Health Corp.*, 234 F. App'x 341, 352 (6th Cir. 2007) (quoting *United States v. Denton*, 434 F.3d 1104, 1111 (8th Cir. 2006)).

Statute 28 U.S.C. § 455 sets forth the basis for disqualification of judges and judicial officers in federal proceedings. It provides that:

> (a) Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.
>
> (b) He shall also disqualify himself in the following circumstances:
> (1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding; . . . . 28 U.S.C. § 455(a)–(b).

Here, Plaintiff's motion raises potential grounds for disqualification under Section 455(a) and (b)(1). In these circumstances, "[r]ecusal is not based on the party's subjective view, (citations omitted) and the judge must disqualify himself only if a reasonable person, with knowledge of all the facts, would determine that the judge's impartiality might reasonably be questioned." *Harris v. United States*, 2021 WL 3027830 (6th Cir. 2021). Then "[the proponent] has the burden to justify disqualification." *Id.* (citing *Burley v. Gagacki*, 834 F.3d 606, 615-16 (6th Cir. 2016); *United States v. Dandy*, 998 F.2d 1344, 1349 (6th Cir. 1993); *United States v. Adams*, 722 F.3d 788, 837 (6th Cir. 2013); *Consol. Rail Corp. v. Yashinsky*, 170 F.3d 591, 597 (6th Cir. 1999)).

A denial of a motion for recusal is a non-dispositive order. *See e.g. Otworth v. Dorwin*, 2021 WL 2104499 (6th Cir. 2021) ("We lack jurisdiction to review the magistrate judge's non-dispositive order denying Otworth's motion for recusal because he did not appeal the order to the district court."); *see also* DN 10 (referring this case to the undersigned as per 28 U.S.C. § 636(b)(1)(A)); and Fed. R. Civ. P. 72(a) ("When a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must

promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision.")

The motion before this Court asserts that "Judge King and the Plaintiff do not care for one another" and that "Judge King was clearly biased in favor of one party, and against the Plaintiff" which was "well documented within said [criminal] case" and "well documented [that] all reasonable objective observers agreed with the Plaintiff." [Mot. to Recuse, DN 11]. The Sixth Circuit addressed a case with a motion similar to the one filed here. The Sixth Circuit found that "[w]hen the accusation of impartiality 'springs from the facts adduced or the events occurring at trial,' the accusing party must show that the impartiality was 'so extreme as to display clear inability to render fair judgment.'" *Ericksen v. United States*, 711 Fed. App'x 789, 790 (6th Cir. 2018) (quoting *Liteky v. United States*, 510 U.S. 540, 551 (1994)). The Court also noted that "'[m]oreover, '[i]t has long been regarded as normal and proper for a judge to sit in the same case upon its remand, and to sit in successive trials involving the same defendant.'" *Id.* The accusations that Plaintiff and the undersigned "do not care for one another," and that the undersigned "was clearly biased" fail to meet the "extreme" standard provided in *Liteky*.

Because Plaintiff's motion does not include any specific instances, this Court reviewed the record for the prior criminal case referenced in the motion. A review of the record indicates that the undersigned heard bond and bond revocation hearings [5:16-CR-00017, DN 15, 22, 23] and granted multiple motions for extensions of time requested by Plaintiff. [DN 96, 135, 137, 139, 142, 147, 154, 156, 162]. The Sixth Circuit recently noted that in a case where "[Plaintiff]'s claim concerns judicial rulings, [they] 'almost never constitute a valid basis for a bias or partiality motion.'" *Chaplin v. Anderson*, 2020 WL 2192553 (6th Cir. 2020) (citing *Liteky v.*

*United States*, 510 U.S. 540, 555 (1994)); *see also Burley v. Gagacki*, 834 F.3d 606, 617 (6th Cir. 2016).

Recusal here is not supported by or appropriate under the provisions of 28 U.S.C. § 455. Therefore, Plaintiff's motion is **denied.**

Additionally, *pro se* Plaintiff emailed this Court about this pending motion on Tuesday, September 13, 2022, without copying opposing counsel. This is an unauthorized *ex parte* communication. As is required in these situations, the unauthorized *ex parte* communication is attached to this order and Defendants have the opportunity to request to respond to Plaintiff's *ex parte* communication. *Adams v. Naphcare, Inc.*, 2016 WL 6699136 (E.D. Va. 2016); *BB Online UK Ltd. v. 101domain, Inc.,* 2014 WL 6980566 (S.D. Cal. 2014); *Eleanora J. Dietlein Trust v. Amer. Home Mort. Inv. Corp.*, 2014 WL 911121 (D. Nev. 2014); *Lopez by Ilarrava v. CSX Trans., Inc.*, 2021 WL 3682905 (W.D. Pa. 2021); *U.S. v. Freeman*, 2011 WL 2669664 (E.D. Mich. 2011) (As each of these courts explained, a judge "should not . . . permit[] or consider *ex parte* communications or consider other communications concerning a pending or impending matter that are made outside the presence of the parties or their lawyers. If a judge receives an unauthorized *ex parte* communication bearing on the substance of a matter, the judge should promptly notify the parties of the subject matter of the communication and allow the parties an opportunity to respond, if requested.")

Accordingly,

**IT IS HEREBY ORDERED** that *pro se* Plaintiff's Motion to Recuse (DN 11) is **DENIED.**

**IT IS FURTHER ORDERED** that *pro se* Plaintiff is to refrain from further unauthorized *ex parte* communications.

cc: Counsel of record
    Corey A. Lovelace, *pro se*

**Lanny King, Magistrate Judge**
**United States District Court**

September 14, 2022

4

| | |
|---|---|
| **From:** | Corey Lovelace <clovelace@lwinvestigationsllc.com> |
| **Sent:** | Tuesday, September 13, 2022 9:12 AM |
| **To:** | Judge_King_Chambers |
| **Cc:** | Ashlyn Lovelace |
| **Subject:** | Case No. 5:22-cv-00098-BJB-LLK |

| | |
|---|---|
| **Importance:** | High |

**CAUTION - EXTERNAL:**

Judge King,

It is Corey A. "Thorson" Lovelace. I have spoken to my business partner, Rick Walter (He and I own LW Investigations, LLC) I feel due to our past, not liking one another, in the interest of justice, the judicial economy, and a host of other issues it is best you recuse yourself immediately from my Civil Case listed above.

| | | |
|---|---|---|
| 08/25/2022 | 11 | MOTION for Magistrate Judge Lanny King Recusal by Plaintiff Corey A. Lovelace (JM) (Entered: 08/25/2022) |

**Corey A. Lovelace**

LW Investigations, LLC - Partner
98 Boaz Cemetery Road
Boaz, Kentucky 42027
PH - 270.519.2399
CLovelace@lwinvestigationsllc.com

www.LWInvestigationsllc.com

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.